United States District Court
Middle District of Florida
Jacksonville Division

**LEMUEL LEANDER COOPER,**

*Plaintiff,*

V.  NO. 3:21-cv-8-HES-PDB

**INTERNAL REVENUE SERVICE,**

*Defendant.*

---

# Report and Recommendation

On January 4, 2021, Lemuel Cooper, a state inmate proceeding without a lawyer, filed a handwritten document titled, "Truth Affidavit," in which he demands from the Internal Revenue Service ("IRS") money allegedly due to him but released to others without his consent during his incarceration. Doc. 1. He failed to pay the $402 filing fee or move to proceed in forma pauperis.

On March 1, 2021, the undersigned directed the plaintiff—by March 19, 2021—to (1) show cause why the Court should not dismiss this case without prejudice for failure to exhaust administrative remedies; and (2) pay the $402 filing fee or file an application to proceed in forma pauperis. Doc. 2. The undersigned explained that failure to comply with the order would result in a report and recommendation recommending dismissal without prejudice. Doc. 2 at 2.

The deadline has passed, and the plaintiff has neither filed anything nor paid the filing fee.

Under the authority "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," a district court has inherent power to dismiss a case for lack of prosecution or failure to obey a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014). Dismissal with prejudice for failure to prosecute is warranted only if there is a "clear record of delay or contumacious conduct." *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

The plaintiff has not prosecuted the case—diligently or otherwise—and has failed to comply with the order, Doc. 2. The undersigned therefore recommends dismissal. Because there is no clear record of delay or contumacious conduct, dismissal without prejudice is warranted.[*]

**Entered** in Jacksonville, Florida, on March 25, 2021.

*PATRICIA D. BARKSDALE*
*United States Magistrate Judge*

c:  Lemuel Leander Cooper, G15471
    Hardee Correctional Institution
    6901 State Road 62
    Bowling Green, Florida 33834

---

[*]The plaintiff is incarcerated in Hardee County, Florida. If the case proceeds, transfer to the Tampa Division under Local Rule 1.04 may be warranted.

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive matter], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.